UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

B.S., *a minor, by and through*
  *his parents and next friends,*
  *Gina and Gerod Stukes,*

        Plaintiff,

vs.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Daniel Board,
  *Individually, and in his capacity as*
  *Teacher at Landstown Middle School,*

    SERVE:    Daniel Board
                    3540 Light Horse Loop
                    Virginia Beach, VA 23453

and

John Parkman,
  *Individually, and in his capacity as*
  *Principal of Landstown Middle School,*

    SERVE:    John Parkman, Principal
                    Landstown Middle School
                    2204 Recreation Drive
                    Virginia Beach, VA 23456

and

Virginia Beach City Public Schools,

    SERVE:    Dr. Aaron Spence, Superintendent
                    Virginia Beach City Public Schools
                    2512 George Mason Drive
                    Virginia Beach, VA 23456

                    Defendants.

## COMPLAINT

NOW COMES, Plaintiff, B.S., a minor, by and through his parents and next friends, Gina and Gerod Stukes, through his attorney, David J. Allmond, Esquire of Marcari, Russotto, Spencer & Balaban, P.C., and for his Complaint against the Defendants named herein, hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, by and through his parents and next friends, Gina and Gerod Stukes, brings this action under Section 504 of the Rehabilitation Act of 1973, as amended at 29 U.S.C. § 794 (the "Rehabilitation Act"); American with Disabilities Act, 42 U.S.C. §12101, *et. seq.*, ("ADA"); 42 U.S. C. § 1983, and the Virginians with Disabilities Act, VA Code Annotated, § 51.5-40 *et seq.*

2. This court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391 (b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff, a minor, by and through his parents and next friends, Gina and Gerod Stukes, is a citizen of the United States, and resides in the City of Virginia Beach, Virginia, which is in this judicial district. The Plaintiff was a student at Landstown Middle School ("Landstown") on the date of the events which lead to the filing of this Complaint.

5. Defendant, Daniel Board ("Board") was Plaintiff's math instructor at Landstown. Defendant Board was responsible, among other things as Plaintiff's instructor, to plan and provide for appropriate learning experiences for the Plaintiff. In addition, this Defendant was to provide an atmosphere and environment conducive to the intellectual, physical, social and emotional development of Plaintiff to ensure his success. Defendant Board held this position on the date of the events which lead to the filing of this Complaint.

6. Defendant, John Parkman ("Parkman") is the Principal of Landstown, which is part of the Virginia Beach City Public Schools division. Defendant Parkman was responsible for the leadership, administration and supervision of Landstown Middle School and its programs. Defendant Parkman held this position at the date of the events which lead to the filing of this Complaint.

7. Defendant, Virginia Beach City Public Schools ("VBCPS") is a branch of the government of the City of Virginia Beach, Virginia, responsible for public K through 12th grade education. VBCPS relies on appropriations from both local and federal governments.

## GENERAL ALLEGATIONS

8. Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") prohibits discrimination based upon disability. Section 504 is an anti-discrimination civil rights statute

3

that requires the needs of students with disabilities to be met as adequately as the needs of the non-disabled students are met. Section 504 provides that "[n]o otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

9. "Disabled person" under the Rehabilitation Act is one who has: (a) "an impairment which substantially limits one or more major activities of life"; (b) a record of such impairment; and (c) or is regarded as having such an impairment. (34. C.F.R. § 104-3(j)(1)).

10. "Major life activity" includes walking, seeing, hearing, concentrating, learning, working, thinking, interacting/cooperating with others and caring for oneself. 29 U.S.C. § 794(a).

11. The Rehabilitation Act defines a physical or mental impairment as (a) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or (b) any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

12. The Rehabilitation Act makes Attention-Deficit Hyperactivity Disorder (ADHD) a disability, and students with ADHD are protected by Section 504. School districts or

divisions, such as the VBCPS, are obligated not to discriminate against students who have disabilities such as ADHD.

13. The American with Disabilities Act ("ADA") of 1990 is civil rights Legislation for individuals with disabilities. ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities or a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

14. The ADA shares many of the same definitions and terminology found throughout the Rehabilitation Act. One of the primary differences between the acts is Section 504 prohibits discrimination against individuals who meet the definition of disability in the Act, and it applies to entities that receive federal funding, while the ADA applies almost to every entity in the United States, regardless of whether such entity receives federal funding.

15. Plaintiff's ADHD qualifies as a disability under the ADA.

16. Plaintiff was born March 11, 2003, and was diagnosed with ADHD in 2011. ADHD is a condition with symptoms such as inattentiveness, impulsivity and hyperactivity. Plaintiff was in the third grade, attending Deep Creek Elementary School ("Deep Creek"), Chesapeake, Virginia, at the time of the diagnosis.

17. A 504 Plan was created for Plaintiff while he was a student at Deep Creek. It was determined that Plaintiff's ADHD substantially limited his major life activities in the following areas: learning; reading; thinking; sleeping; standing; concentrating; and communicating.

18. The initial 504 Plan for the Plaintiff called for: 1) his teachers to monitor him for his attentiveness on a daily or as needed basis; 2) his teachers to provide him with breaks and water as needed; and 3) Plaintiff to meet with the school guidance counselor once a week to assist him with coping skills to reduce his frustrations. Plaintiff's 504 Plan has accompanied him as he has matriculated from schools in Chesapeake and Virginia Beach, with modifications incorporated in the Plan based upon the changes in circumstances related to Plaintiff's ADHD.

19. On April 22, 2016, Plaintiff had a reevaluation of his 504 Plan during his seventh grade at Landstown. Plaintiff's Math teacher, English teacher, Social Studies teacher, his parents, and his Guidance Counselor made up the 504 Plan Eligibility Team ("the Team"). The Team indicated that Plaintiff's impairment continued to be ADHD.

20. As a result of his ADHD, Plaintiff was observed to be: impulsive; not able to sit still long enough to complete tasks; easily bored and needed to be refocused; and sleepy while on his medication during class time. Plaintiff's disciplinary referrals were noted as a concern.

21. Plaintiff's disability substantially limited the following major life activities–learning, reading, thinking, sleeping, standing, concentrating and communicating.

22. Plaintiff's 504 Plan called for the assignment of a peer to help with his organization; extended time to complete his projects and assignments; self monitoring by Plaintiff through various tools to help with his organization and attention to tasks; stretch breaks and water as needed; meetings with guidance counselor once a week to assist in the development of coping skills to reduce frustrations.

23. Plaintiff's 504 Plan was in place at the beginning of 2016 school year at Landstown. Plaintiff's eighth (8th) grade teachers knew, or should have known, about Plaintiff's disability, and his 504 Plan.

24. On September 16, 2016, Plaintiff was a student in Defendant Board's eighth (8th) grade math class at Landstown. Plaintiff became hyperactive during class, talking to other students, asking Defendant Board, as well as other students, questions, and not focusing on his worksheet. Suddenly Defendant Board grabbed the back of Plaintiff's head, took a marker and wrote the word "FOCUS" on Plaintiff's forehead in bold black letters. The Plaintiff did not consent to Defendant Board's actions.

25. The Plaintiff was not allowed to wipe the word off his forehead until he completed his work. The Defendant further instructed another student to hit the Plaintiff on his head every time Plaintiff said something that Defendant Board disapproved. Plaintiff was struck two or three times by the student at Defendants Board's direction.

26. None of the actions taken by Defendant Board against the Plaintiff on September 16, 2016 was part of his 504 Plan.

27. Students in the class asked Mr. Board if they could take photographs of the Plaintiff with "FOCUS" written on his forehead. Defendant Board denied the students' requests, but nevertheless took his own personal photograph of Plaintiff.

28. Plaintiff was embarrassed and humiliated by what Defendant Board had done to him.

29. On September 17, 2016, Plaintiff told his parents what occurred in Defendant Board's class on September 16, 2016.

30. On September 19, 2016, Plaintiff's parents contacted Defendant John Parkman, the Principal at Landstown Elementary, to discuss what had happened to Plaintiff in Defendant Board's classroom.

31. Defendant Parkman is required by Virginia Code Annotated § 63.2-1509 to report any instance of child abuse to the appropriate authorities for further investigations.

32. Defendant Parkman did not contact Mr. and Mrs. Stukes prior to their call to him to discuss the incident, nor did he report the incident to the authorities or report the incident to Child Protective Services.

33. On September 19, 2016, Defendant Board contacted Plaintiff's parents to apologize for his actions, and to ask that the Plaintiff not be taken out of his class.

34. On the evening of September 23, 2016, Plaintiff informed his parents that he was being teased and bullied by other students regarding the incident in Defendant Board's classroom.

35. On September 26, 2016, Plaintiff's parents contacted the Landstown's Guidance Counselor to advise her Plaintiff did not wish to return to Defendant Board's math class.  Nevertheless, the Defendants sent Plaintiff back to Defendant Board's class.

36. Plaintiff's parents began noticing Plaintiff exhibiting signs of depression, anxiety, sleeplessness, fearfulness, crying episodes, emotional anguish and a decline in his academic performance.

37. On September 26, 2016, Plaintiff's parents contacted Child Protective Services (CPS), and requested that an investigation into the September 16, 2016 incident be launched.  CPS in fact opened an investigation of the September 16, 2016 incident.

38. On September 28, 2016, Defendant Board was placed on unpaid leave by VBCPS, and submitted his resignation on September 29, 2016.

39. In early October 2016, Virginia Beach Police Department arrested Defendant Board on the charge of assault and battery for his actions of September 16, 2016.

40. On January 31, 2017, Defendant Board was found guilty of assault and battery on the Plaintiff in the Virginia Beach Juvenile and Domestic Relations District Court.

41. Defendant Board testified at his criminal trial that "in looking back [he] could have done some things differently than what he did to calm the Plaintiff."

## COUNT I
## DISCRIMINATION BASED ON A DISABILITY
### (Section 504 of the Rehabilitation Act)

42. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

43. Plaintiff is an individual with a "disability" (ADHD) as defined in Section 504 of the Rehabilitation Act. 29 U.S.C. § 794(a).

44. Plaintiff is eligible and qualified to attend public schools in Virginia.

45. The Rehabilitation Act regulations require that no qualified individual with a disability shall be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a).

46. Plaintiff was singled out by the Defendants, who took actions against him that showed gross misjudgment, bad faith and deliberate indifference to the Plaintiff or to his disability.

9

47. Plaintiff's 504 Plan should have instructed Defendant Board the appropriate way to handle the Plaintiff when he began to exhibit signs of hyperactivity and not focusing on the task at hand.  This Defendant chose to assault and batter Plaintiff in a most humiliating and embarrassing fashion.

48  Defendant Parkman was mandated to report any instance of suspected or actual child abuse to the appropriate authorities.  Defendant Parkman failed to do so.

49. As a result of the Defendants' treatment of the Plaintiff, Defendants violated Section 504 of the Rehabilitation Act's prohibition against discriminating against Plaintiff in a number of ways, including, without limitation, the following:

- (A) By reason of Plaintiff's disability and his age;

- (B) Singled out Plaintiff, assaulted and battered him;

- (C) Wrote the word "FOCUS" on his forehead;

- (D) Prevented Plaintiff from removing the word from his forehead;

- (E) Instructed another student to hit Plaintiff on his head when told to do so by Defendant Board;

- (F) Failed to consult with Plaintiff's 504 Plan that was in place to aid in dealing with Plaintiff when he became hyperactive in class;

- (G) Failed to notify appropriate authorities of possible child abuse (Defendant Parkman);

- (H) Denied Plaintiff the same opportunity to receive the benefits of VBCPS' activities/classroom participation that are available to other students with disabilities.

50. As a direct and proximate result of Defendants' violation of the Rehabilitation Act through their discriminatory, and illegal, actions against the Plaintiff, solely based upon his disability, the failure of Defendants to report the incident to the appropriate authorities,

and the resultant public humiliation, embarrassment and ridicule, Plaintiff suffered, and continues to suffer, fear, retaliation, mental anguish, suicidal ideation, post traumatic stress disorder, intimidation, depression, and anxiety.

## COUNT II
## DISCRIMINATION BASED UPON A DISABILITY
### (Title II of ADA)

51. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

52. Plaintiff is an individual with a "disability" (ADHD) as defined in the ADA. 42 U.S.C. § 12131(2).

53. Plaintiff is eligible and qualified to attend public schools in Virginia.

54. The ADA federal statute that prohibits discrimination against a person with disabilities, such as the Plaintiff.

55. Plaintiff was singled out by the Defendants, who took actions against him that showed gross misjudgment, bad faith and deliberate indifference to the Plaintiff or his disability.

56. Plaintiff had a 504 Plan that should have instructed Defendant Board on the appropriate way to handle the Plaintiff when he began to exhibit signs of hyperactivity and not focusing on the task at hand. This Defendant chose to assault and batter Plaintiff in a most humiliating and embarrassing fashion.

57. As a result of the Defendants' treatment of the Plaintiff, Defendants violated the ADA in discriminating against Plaintiff in a number of ways, including, but not without limitation, the following:

(A) By reason of Plaintiff's disability and his age;

(B)   Singled out Plaintiff, assaulted and battered him;

(C)   Wrote the word "FOCUS" on his forehead;

(D)   Prevented Plaintiff from removing the word from his forehead;

(E)   Instructed another student to hit Plaintiff on his head when told to do so by Defendant Board;

(F)   Failed to consult with Plaintiff's 504 Plan that was in place to aid in dealing with Plaintiff when he became hyperactive in class;

(G)   Failed to notify appropriate authorities of possible child abuse (Defendant Parkman);

(H)   Denied Plaintiff the same opportunity to receive the benefits of VBCPS' activities/classroom participation that are available to other students with disabilities.

58.   As a direct and proximate result of Defendants violations of the ADA, through their discriminatory and illegal actions against the Plaintiff in front of his classmates, solely based upon his disability, the failure of Defendants to report the incident to the appropriate authorities, and the resultant public humiliation, embarrassment and ridicule, Plaintiff suffered, and continues to suffer, fear, retaliation, mental anguish, suicidal ideation, post traumatic stress disorder, intimidation, depression, and anxiety.

### COUNT III
### VIOLATION OF 42 U.S.C. §1983

59.   Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

60.   Defendants have deprived Plaintiff of his federal constitutional and or statutory rights by refusing to provide Plaintiff with the services prescribed in his 504 Plan.

61.     Defendants have acted under the color of state law when the Defendants deprived Plaintiff of his federal rights and otherwise discriminated against Plaintiff based upon Plaintiff's disability.

62.     As a direct and proximate result of Defendants violation of 42 U.S.C. §1983 through their discriminatory and illegal actions against the Plaintiff, solely based upon his disability, the failure of Defendants to report the incident to the appropriate authorities, and the resultant public humiliation, embarrassment and ridicule, Plaintiff suffered, and continues to suffer, fear, retaliation, mental anguish, suicidal ideation, post traumatic stress disorder, intimidation, depression, and anxiety.

## COUNT IV
## DISCRIMINATION BASED UPON DISABILITY, VIRGINIA CODE § 51.5-42
### (Nondiscrimination under Virginia State Grants and Programs)

63.     Plaintiff incorporates and restates each of the above-paragraphs as if fully set forth herein.

64.     Plaintiff's ADHD disability substantially limits one or more major life activities, and constitute a disability by and within the meaning of § 51.5-42A, Virginia Code Annotated, "Nondiscrimination under Virginia State Grants and Programs." That provision reads:

> No public educational institution or private educational institution, or agent of either, that is a recipient of state funds shall deny admission to the institution, or full and equal access to and enjoyment of any educational or extracurricular programs, to an
>
> state agency.

65.     Defendants's actions on September 16, 2016 violated § 51.5-40, Virginia Code Annotated by discriminating against the Plaintiff based upon his disability. Plaintiff

was singled out by the Defendants, who took actions against the Plaintiff that showed gross misjudgment, bad faith and deliberate indifference to the Plaintiff and his disability.

66. As result of the Defendants' treatment of the Plaintiff, Defendants violated § 51.5-40, Virginia Code Annotated, and discriminated against Plaintiff in a number of ways, including, but not limited to, the following:

(A) By reason of Plaintiff's disability and his age;

(B) Singled out Plaintiff, assaulted and battered him;

(C) Wrote the word "focus" on his forehead;

(D) Prevented Plaintiff from removing the word from his forehead;

(E) Instructed another student to hit Plaintiff on his head when told to do so by Defendant Board;

(F) Failed to consult with Plaintiff's 504 Plan that was in place to aid in dealing with Plaintiff when he became hyperactive in class;

(G) Failed to notify appropriate authorities of possible child abuse (Defendant Parkman);

(H) Denied Plaintiff the same opportunity to receive the benefits of VBCPS' activities/classroom participation that are available to other students with disabilities.

67 As a direct and proximate result of Defendants' violations of § 51.5-40, Virginia Code Annotated, through their discriminatory and illegal actions against the Plaintiff, solely based upon his disability, the failure of the Defendants to report the incident to the appropriate authorities, and the resultant public humiliation, embarrassment and ridicule, Plaintiff suffered, and continues to suffer, fear, retaliation, mental anguish, suicidal ideation, post traumatic stress disorder, intimidation, depression, and anxiety.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff incorporates and restates each of the above-paragraphs as if fully set forth herein.

69. Defendant Board's conduct in grabbing and holding Plaintiff in order to write the world "FOCUS" on Plaintiff's forehead was both intentional and reckless.

70. Defendant Board's conduct of writing "FOCUS" on Plaintiff's forehead, taking a photograph of the Plaintiff, and having another student strike the Plaintiff on his head at the direction of Defendant Board, was outrageous and intolerable in that such actions shock the conscience and offends the generally accepted standards of decency. Defendant Board's conduct was even more atrocious when one takes in account that Plaintiff suffered from a disability that the Defendant knew about or should have known about.

71. Defendant Board's conduct caused severe emotional distress to the Plaintiff. Plaintiff was humiliated and embarrassed by the conduct of Defendant Board. He was exposed to teasing and bullying by a number of his classmates. There was a decline in school performance. Subsequent to the September 16, 2016 incident, Plaintiff' has been diagnosed by Dr. James Lassiter, Ph.D., ABPP, Licensed Clinical Psychologist, as having depression, anxiety, nightmares, flashbacks (to the September 16, 2016 incident), fearfulness, suicidal ideation, and posttraumatic stress disorder.

72. Plaintiff continues to struggle with issues related to his ADHD, as well as the severe emotional distress.

WHEREFORE, Plaintiff, by and through his parents and next friends, Gina and Gerod Stukes, requests that this Court enter judgement against the Defendants providing the following relief:

` (A) Compensatory damages in the amount of Three Million Dollars ($3,000,000.00), exclusive of costs and interest, that Plaintiff is found to be entitled;

(B) An order enjoining/restraining Defendants from any further acts of discrimination or retaliation;

(C) An award of interest and costs;

(D) An award of attorneys' fees;

(E) Any and all other remedies provided pursuant to the Rehabilitation Act, the ADA, 42 U.S.C. § 1983; and § 51.5-40 of the Virginia Code Annotated;

(F) Such other relief as the Court deems appropriate.

**B.S., A MINOR, BY AND THROUGH HIS PARENTS AND NEXT FRIENDS, GINA AND GEROD STUKES**

/s/
David J. Allmond, Esquire (VSB #32649)
Marcari, Russotto, Spencer & Balaban, P.C.
501 Baylor Court, Suite 200
Chesapeake, VA 23320
Tel:   (757) 963-2800
Fax:   (757) 963-0750
Email: davida@mrslawfirm.com